DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## April, 1880.

---

SAMUEL D. RHODES, Respondent, *v.* JOHN W. BRANDT, Appellant.

*When a removal of a body from the grave is not an offense—3 R. S., 6 Ed., 965— action for malicious prosecution—when questions of probable cause and malice are for the jury.*

The defendant brought an action against one Beelard, to recover for services rendered by him, as a physician, in treating a child of Beelard's for a fracture of the thigh-bone, in which action Beelard set up malpractice on the part of the defendant as a defense. During the pendency of the action the child died and was buried. Subsequently the father, acting under the advice of his counsel, directed and allowed the plaintiff, a physician, to cause the body of the child to be exhumed, and a portion of the thighbone to be removed, in order that it might be used in evidence on the trial of the question of malpractice. After the bone was removed the body was returned to the grave. The defendant having caused the plaintiff to be arrested for removing the body from the grave, the latter brought this action to recover damages for a malicious prosecution.

*Held,* that the plaintiff had not removed the body from the grave "for the purpose of dissection or from mere wantonness," as these terms were used in the statute (3 R. S., 6 Ed., 965), for a violation of which he had been arrested, nor had he committed any offense against public decency or the spirit of the statute.

That the questions of probable cause and malice were, under the circumstances of this case, properly left to the jury, and that a verdict in favor of the plaintiff would not be disturbed.

HUN.—VOL. XXI.    1

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

*J. Welling*, for the appellant.

*L. M. Norton*, for the respondent.

TALCOTT, P. J.:

This is a motion for a new trial after a verdict for the plaintiff at the Wayne Circuit, and the exceptions ordered to be heard at the General Term in the first instance.

The action is for malicious prosecution.

The parties are two physicians living and practicing their profession in the county of Wayne. As near as the facts can be ascertained from the bill of exceptions, which seems to be a copy of the stenographer's notes, without explanations or any consecutive or chronological statement of the facts, it seems that Elizabeth, the daughter of Jacob Beelard, who resided near the village of Ontario, in the county of Wayne, had her thigh-bone broken when about one year and four months old, and was afterwards sick and lingered about sixteen months, when she died, either from the result of the fracture, or from some supervening cause.

Jacob Beelard, the father of Elizabeth, had employed Dr. Brandt, the defendant, to set the fractured limb of Elizabeth, and afterwards and before the death of Elizabeth, Dr. Brandt had commenced an action against Beelard to recover for his professional services in relation to the case, before a justice of the peace, in which action it seems that Beelard had alleged as a defense the *malpractice* of Dr. Brandt respecting the cure of the fracture, and while this suit was pending, the child, Elizabeth, died. Beelard was advised by his counsel, in that case, to have so much of the fractured bone as was necessary removed from the body of the child, to be used in evidence on the trial of the question of *malpractice*, and Beelard accordingly engaged Dr. Rhodes, the plaintiff in this action, to remove that portion of the bone from the body of the child. Dr. Rhodes, from some cause, did not arrive at Beelard's house until after the body of the child had been buried, when Beelard en-

gaged him to exhume the body and remove that portion of the bone. To this Beelard consented, and with others, including a son of Beelard some eighteen or nineteen years old, went to the place of burial, and having apprised the person who had charge of the cemetery in which the burial took place, and with his consent, proceeded to remove the body from the grave for the purpose aforesaid, and took out a small portion of the fractured bone and returned the body to the grave. The defendant having learned these facts afterwards, caused to be instituted two or three prosecutions against Dr. Rhodes by complaints before magistrates, on which he was arrested and some examination had, which resulted in the discharge of Dr. Rhodes. This action is brought, charging as to two of these prosecutions that they were malicious. The action was tried by a jury, which rendered a verdict for fifty dollars damages, and the defendant now moves for a new trial on exceptions. The statute under which the complaints against Dr. Rhodes were instituted is as follows, viz.: "Every person who shall remove the dead body of any human being from the grave, or other place of interment, for the purpose of selling the same, or for the purpose of dissection, or from mere wantonness, upon conviction shall be punished by imprisonment in a State's prison," &c. (3 Rev. Stat., 6th Ed., 965.)

This is found under a title in the Revised Statutes, which is entitled "Of offenses against public decency; of malicious mischief, and other crimes not before enumerated." Dissection is defined by lexicographers, as "The act of dissecting or cutting in pieces an animal or vegetable for the purpose of ascertaining the structure and uses of its parts; anatomy."

The word dissection, as used in the statute quoted, is to be understood as it is ordinarily used. It is manifest in this case that the body was not removed from the grave for the purpose of *dissection*, as the word is ordinarily understood, or from mere wantonness, and constituted no offense against public decency, and that no violation of the spirit of the statute was committed or contemplated. Probable cause is a reasonable suspicion, supported by circumstances, sufficient to warrant a cautious person in the belief that the person accused is guilty of the offense charged. Where the facts are

doubtful, or where they depend upon uncertain or conflicting evidence, the question of probable cause is a mixed one of law and fact, to be determined by a jury under the instruction of the court.

Actual malice is not enough to sustain an action for malicious prosecution, but the plaintiff must also prove the want of probable cause. Yet the questions of probable cause and actual malice were, we think, in this case, under all the circumstances, questions for the jury, and therefore the trial court properly refused to nonsuit the plaintiff. The charge of the court recognized the principles of law applicable to such actions as settled; but one objection is made to it, namely, to that portion of the charge of the trial judge wherein he stated as follows: "In this case the parents had the right to consent that the child should be exhumed, and this process of taking out a portion of the bone should be gone through with. It was no offense, in fact, when these five men took that bone out under the circumstances they did, as the father requested them to." The counsel for the appellant challenges this instruction, and undertakes to show that the father had no control of the buried body of the child, and had no right to authorize its disinterment. Having expressed our conviction that no offense against the statute was committed in this case, even if the counsel for the appellant is correct in his reasoning as to the authority of the parent, the instruction excepted to was immaterial. It was merely saying to the jury in effect, that the act as proved, under all the circumstances, constituted no offense. The jury were also fairly informed by the judge that it was not sufficient for the plaintiff to show he was innocent of the offense with which he was charged, but that he must also show not only malice, but a want of probable cause for the accusation.

We do not think that substantial justice requires that a new trial be ordered in this case. (Code of Civ. Pro., § 1003.)

SMITH and HARDIN, JJ., concurred.

New trial denied, and judgment ordered for the plaintiff on the verdict.